PER CURIAM.*
Metairie Bank & Trust Company (“Me-tairie Bank”) filed the instant suit in First City Court for the City of New Orleans, against defendant, Paradise Landscape, Inc. (“Paradise”), seeking recovery on a promissory note in the amount of $10,-005.00. Paradise filed a reconventional demand, alleging Metairie Bank refused to cash a $5,000.00 cashier’s check drawn on a Hibernia National Bank account made payable to Paradise. As a result, Paradise alleges it was unable to pay its employees to move certain equipment out of the path of an approaching hurricane, causing it to suffer approximately $70,000.00 in damages.
Subsequently, Paradise filed a motion to transfer the entire suit to the district court pursuant to La.Code Civ. P. art. 4845(B),[1] on the ground that its | ^reconventional demand was compulsory in nature and exceeded the jurisdictional limit of the city court, requiring the case to be transferred to the district court. Metairie Bank objected to the transfer, arguing the recon-ventional demand was not compulsory for purposes of La. Code Civ. P. art. 4845, as it does not grow out of the promissory note. Metairie Bank also filed a motion for summary judgment on the promissory note.
After a hearing, the city court denied Paradise’s motion to transfer and granted *573 Metairie Bank’s motion for summary judgment. Paradise applied for supervisory writs from the city court’s denial of the motion to transfer. The court of appeal, in a split decision, granted the writ and transferred the entire case to the district court, reasoning that Paradise’s reeonven-tional demand was -compulsory for purposes of La.Code Civ. P. art. 4845. This application followed.
La.Code Civ. P. art. 1061(B) provides that a defendant “shall assert in a recon-ventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.” [emphasis added]. Under the instant facts, Paradise’s tort claim against Metair-ie Bank for failure to cash the cashier’s check does not arise out of the transaction or occurrence that is the subject matter of the principal action — i.e., the promissory note. Paradise’s default on the promissory note clearly pre-dated Metairie Bank’s alleged failure to cash the cashier’s check. The evidence regarding the promissory note is separate and distinct from the evidence relating to the tort claim. A decision on the promissory note would not be res judicata as to the tort claim.
Thus, we conclude Paradise’s tort claim is not a compulsory reconventional demand for purposes of La. Code Civ. P. art. 4845(B). While the city court could have transferred the entire action to a court of proper jurisdiction under La. Code Civ. UP. art. 4845(A), it was not mandated to do so, and its failure to do so does not rise to the level of an abuse of discretion. Accordingly, the court of appeal erred in reversing the city court’s judgment denying the motion to transfer. We must reinstate the city court’s judgment denying the motion to transfer, and granting Metairie Bank’s motion for summary judgment.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the city court denying the motion to transfer and granting summary judgment in favor of Metairie Bank is reinstated. The case is remanded to the city court for further proceedings.

 Johnson, J., not on panel. Rule IV, Part II, § 3.

. La.Code Civ. P. art. 4845 provides, in pertinent part:
A. (1) When a parish or city court has subject matter jurisdiction over the principal demand, it may exercise subject matter jurisdiction over any properly instituted incidental action arising out of the same transaction or occurrence from which the principal demand arose, regardless of the amount in dispute in the incidental demand.
(2) When otherwise properly instituted incidental demands exceed the subject matter jurisdiction of the court, the court may transfer the entire action to a courL of proper jurisdiction.
B. When a compulsory reconventional demand exceeds the jurisdiction of the court, the court shall transfer the entire action to a court of proper jurisdiction.